IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

**MOTEN PAYNE, et al,**

      **Plaintiffs,**

**v.**                                            **Case No. 06-3010-JWL**

**DAVID McKUNE, et al,**

      **Defendants.**

## MEMORANDUM AND ORDER[1]

This action stems from the death of Clifton Brown, who passed away while incarcerated at the Lansing Correctional Facility in Lansing, Kansas. Mr. Brown's daughters, plaintiffs Shaniqua and Shaquata Brown, bring suit through Mr. Brown's mother, Mary Payne, and stepfather, Moten Payne. Ms. Payne is also the special administrator for Mr. Brown's estate. The defendants in this case include: Roger Werholtz, the Secretary of the Kansas Department of Corrections; David McKune, warden of the Lansing Correctional Facility; Correct Care Solutions, an organization which provided medical services to inmates at Lansing Correctional Facility; John Doe(s), correctional officers at Lansing Correctional Facility whose identities are unknown; and Jane Doe(s), employees of Correct Care Solutions whose identities are unknown.

In their Second Amended Complaint (doc. 50), the plaintiffs allege that the various prison

---

[1]The facts are taken from the allegations in plaintiff's complaint and, consistent with the well established standard for evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court assumes the truth of these facts for purposes of analyzing defendants' motion to dismiss.

officials violated Mr. Brown's constitutional rights under 42 U.S.C. § 1983 because: (Count I) they were deliberately indifferent to Mr. Brown's serious medical needs,[2] (Count II) they failed to supervise Correct Care Solutions, and (Count III) they failed to supervise and train the prison staff. Plaintiffs also assert state claims against all defendants for (Count IV) wrongful death and against Correct Care Solutions for (Count V) negligent supervision. The case is currently before the court on defendants' motions to dismiss (docs. 57 and 59) for failure to state a claim upon which relief can be granted.

## I.  Motion to Dismiss Standard

Dismissal for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) is appropriate only when "'it appears beyond a doubt that the plaintiff can prove no set of facts in support of [his or her] claim which would entitle [him or her] to relief,'" *Beedle v. Wilson*, 1063 (10th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiffs. *Beedle*, 422 F.3d at 1063. The issue in resolving such a motion is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quotation omitted); *accord Beedle*, 422 F.3d at 1063.

---

[2]Although the Second Amended Complaint is not entirely clear, it appears that the plaintiffs' allegations in Count I also pertain to Correct Care Solutions and Jane Doe(s).

**II.     Discussion**

*A.     Eleventh Amendment Immunity*

In this case, the plaintiffs have sued defendants Werholtz and McKune in their official capacity as state employees of the Kansas Department of Corrections for monetary damages. However, Mr. Werholtz and Mr. McKune contend they are entitled to immunity on these claims. The doctrine of sovereign immunity under the Eleventh Amendment generally bars actions in federal court for damages against state officials acting in their official capacities. *Harris v. Owens*, 264 F.3d 1282, 1289 (10th Cir. 2001); *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000); *Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 631 (10th Cir. 1998). The plaintiffs do not contend that Mr. Werholtz and Mr. McKune waived their Eleventh Amendment immunity in this case. Furthermore, it is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338-45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

Plaintiffs' response to defendants' motion to dismiss argues that by asking for "such other and further relief as this [c]ourt deems just and proper" in their Second Amended Complaint, they were seeking a prospective injunctive order against the state officials. The court recognizes that there is such an exception to the Eleventh Amendment, which does not "bar a suit brought in federal court seeking to prospectively enjoin a state official from violating federal law." *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995)(citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908) and *In re Crook*, 966 F.2d 539, 542 (10th Cir. 1992), cert. denied, 506 U.S. 985

3

(1992)). However, as defendants note, no such request was included in the plaintiffs' Second Amended Complaint. Regardless, the court concludes that the exception is inapplicable in this case.

Because Mr. Brown has passed away and is no longer incarcerated with the Kansas Department of Corrections, a prospective injunctive order to "end continuing violations of federal law by state officials" against Mr. Brown is no longer relevant. *See Johns*, 57 F.3d at 1552 (citing *Green v. Mansour*, 474 U.S. 64, 68 (1086)(explaining *Ex parte Young* exception to Eleventh Amendment immunity). Furthermore, as explained below, none of the other plaintiffs have argued that the state officials violated any constitutional rights personal to them. Consequently, a prospective injunctive order is not appropriate with respect to those plaintiffs.

For the reasons stated above, the Eleventh Amendment clearly bars the plaintiffs from asserting the federal § 1983 claims contained in Counts I, II, and III against Mr. Werholtz and Mr. McKune in their official capacity. Furthermore, the Eleventh Amendment also bars the state wrongful death claim contained in Count IV against Mr. Werholtz and Mr. McKune in their official capacity. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984)("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."). As mentioned above, no exception to the Eleventh Amendment immunity is applicable here[3] and Kansas has not consented to being sued in federal court. Nor

---

[3]The court concludes the *Ex parte Young* exception to Eleventh Amendment immunity does not apply to the wrongful death claim because plaintiffs did not ask for prospective injunctive relief in their Second Amended Complaint; nevertheless, the court deems a request for such relief without merit because plaintiffs have not alleged any "continuing violation" of their rights by the state

4

is the court aware that Congress has expressly abrogated Kansas' Eleventh Amendment immunity from being sued in federal court for state law claims. *See Mascheroni v. Board of Regents of Univ. of Cal.*, 28 F.3d 1554, 1559-60 (10th Cir. 1994) *abrogation on other grounds recognized by Boyler v. Cordant Technologies, Inc.*, 316 F.3d 1137, 1140 (10th Cir. 2003)("Inasmuch as Congress has not abrogated the States' Eleventh Amendment immunity against state law claims brought in federal court . . . ."). Accordingly, this aspect of defendants' motion is granted and the plaintiffs' official capacity claims against defendants Werholtz and McKune are dismissed.[4] Because this same analysis applies to John Doe(s), which plaintiffs describe as employee(s) of the Kansas Department of Corrections, the court also concludes that the Eleventh Amendment bars the official capacity claims in Counts I, II, III, and IV to the extent they are brought against John Doe(s).[5]

*B.     Section 1983 Claims*

Defendants also argue that the plaintiffs' claims brought pursuant to § 1983 should be dismissed, except for those brought by Ms. Payne as special administrator for Mr. Brown's

---

officials.

[4] Defendant Correct Care Solutions' motion to dismiss (doc. 59) sought to incorporate the motion to dismiss filed by Mr. Werholtz and Mr. McKune (doc. 57). However, neither of these motions provide support for the conclusion that Correct Care Solutions is a state official entitled to Eleventh Amendment immunity. Accordingly, Correct Care Solutions' motion to dismiss is denied with respect to that issue.

[5] To the extent this issue has not been raised by the John Does, the court notes that it may raise Eleventh Amendment immunity sua sponte. *See Johns*, 57 F.3d at 1552.

5

estate. The plaintiffs raise no argument to attempt to rebut the defendants' argument respecting these claims and therefore the court could treat it as uncontested. Nevertheless, the court grants defendants' motion on this issue because it agrees with the defendants.

It is a well-settled principle "that a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990)(citing *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir. 1982)). *See also Dohaish*, 670 F.2d at 936 ("The § 1983 civil rights action is a personal suit. It does not accrue to a relative, even the father of the deceased."). Accordingly, any § 1983 claim brought by Shaniqua Brown, Shaquata Brown, Mr. Payne and Ms. Payne must be based upon a violation of their personal rights, not the rights of Mr. Brown. Regardless of what plaintiffs allege happened to Mr. Brown, the § 1983 claims turn upon whether the plaintiffs "personally suffered any deprivation of a constitutional right possessed by [them] individually." *Archuleta*, 897 F.2d at 497.

The § 1983 allegations in the Second Amended Complaint focus solely on the treatment Mr. Brown received and the alleged constitutional deprivations suffered by him personally. The complaint fails to allege any violation of constitutional rights personal to Mr. Brown's daughters, Mr. Payne, or Ms. Payne. *Cf. Trujillo v. Bd. of County Com'rs of Santa Fe County*, 768 F.2d 1186, 1187 (10th Cir. 1985)(relatives of deceased inmate who alleged violations of their own personal constitutional right of familial association under the First and Fourteenth Amendments had standing to sue under § 1983). Therefore, the court concludes that Shaniqua Brown,

6

Shaquata Brown, Moten Payne, and Mary Payne lack standing, in their individual capacity, to bring the § 1983 claims.

The Tenth Circuit has held that the proper federal remedy in § 1983 death cases is "a survival action, brought by the estate of the victim, in accord with § 1983's express statement that the liability is 'to the party injured.'" *Berry v. Muskogee*, 900 F.2d 1489, 1506-07 (10th Cir. 1990)(citing 42 U.S.C. § 1983). Thus, the court concludes that Ms. Payne has standing to proceed with the § 1983 claims solely in accordance with her capacity as the special administrator of Mr. Brown's estate.

## III. Conclusion

The official capacity claims against defendants Werholtz, McKune, and John Doe(s) (Counts I, II, III, and IV) are dismissed with prejudice pursuant to Eleventh Amendment immunity. Defendants Correct Care Solutions and Jane Doe, however, have failed to make any showing that they are state officials entitled to Eleventh Amendment immunity regarding the allegations in Count I. The § 1983 claims brought by plaintiffs Shaniqua Brown and Shaquata Brown, through Moten Payne and Mary Payne, (Counts I, II, and III) are also dismissed with prejudice.

To summarize, Ms. Payne, in her capacity as special administrator of Mr. Brown's estate, at this procedural juncture may proceed with the § 1983 claims (Counts I, II, and III) and the wrongful death claim (Count IV) against Mr. Werholtz, Mr. McKune, and John Doe(s) in their individual capacity. She may also proceed with Counts I and IV against Correct Care Solutions

and Jane Doe(s). The state law claim for negligent supervision (Count V) remains unchanged by this order.

**IT IS ORDERED BY THE COURT THAT** the motion to dismiss (doc. 57) by defendants Werholtz and McKune is granted. The motion to dismiss (doc. 59) by defendants Correct Care Solutions and Jane Doe(s) is granted in part and denied in part as set forth above.

**IT IS SO ORDERED.**

Dated this 8th day of January, 2007, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United Stated District Judge