# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF KANSAS

**MARY PAYNE as administrator**
**of the ESTATE OF CLIFTON**
**BROWN, et al,**

   **Plaintiffs,**

**v.**             **Case No. 06-3010-JWL**

**DAVID McKUNE, et al,**

   **Defendants.**

## MEMORANDUM AND ORDER

### I. Background

This action stems from the death of Clifton Brown, who passed away while incarcerated at the Lansing Correctional Facility in Lansing, Kansas. Mary Payne, Mr. Brown's mother, is the administrator of Mr. Brown's estate. In her capacity as administrator, Mrs. Payne has asserted § 1983 claims against various prison officials employed by the Kansas Department of Corrections for deliberate indifference, failure to supervise a contractor, and failure to supervise and train prison staff.[1]   In her capacity as administrator, Ms. Payne also alleges a § 1983 deliberate indifference claim and a state law claim for negligent supervision against Correct Care

---

[1]The prison official defendants in this case are: Roger Werholtz, the Secretary of the Kansas Department of Corrections; David McKune, warden of the Lansing Correctional Facility; and John Doe(s), correctional officers at Lansing Correctional Facility whose identities are unknown.

Solutions (CCS).[2]  Finally, Ms. Payne as administrator and Mr. Brown's daughters, plaintiffs Shaniqua and Shaquata Brown, as heirs at law, allege a state law claim for wrongful death against both the prison officials and CCS.

The original pro se complaint in this case (doc. 1) was filed on January 10, 2006 by Moten and Mary Payne (Mr. Brown's parents) and Mr. Brown's daughters, Shaniqua and Shaquata.  On May 11, 2006, plaintiffs filed a motion for leave to amend their complaint (doc. 22), which was granted (doc. 25) and plaintiffs' first amended complaint (doc. 26) was filed June 5, 2006.  Subsequently, plaintiffs' motion to appoint counsel (doc. 34) was granted, and counsel was appointed on July 31, 2006 (doc. 38).  On August 8, 2006, plaintiffs again sought leave to amend the complaint (doc. 40), which was granted (doc. 44) and a second amended complaint (doc. 50) was filed on October 14, 2006, naming Shaniqua Brown, Shaquata Brown, and Mary Payne as administrator of Mr. Brown's estate as plaintiffs.

On January 8, 2007, the court issued a memorandum and order (doc. 73) dismissing the § 1983 claims brought by Mr. Brown's daughters and the official capacity claims brought against the prison officials. Currently before the court in this matter is a motion to reconsider that order brought by the prison official defendants (doc. 76).[3]  Therein, the defendants argue that Ms.

_____

[2]CCS is an organization which provided medical services to inmates at Lansing Correctional Facility.

[3]Defendant's motion is more appropriately labeled as a motion to dismiss for failure to state a claim due to lack of capacity rather than one for reconsideration because the arguments asserted by defendants were not asserted in their initial motion to dismiss.  Although lack of capacity is a defense that can be waived, *Esposito v. United States*, 368 F.3d 1271, 1274 n.1 (10th Cir. 2004), the defendants in this case have preserved the argument by asserting it as a defense in their answer (doc.

Payne was not in fact the administrator of Mr. Brown's estate when the complaint was initially filed; therefore, according to defendants, this court lacked subject matter jurisdiction because Ms. Payne lacked standing to sue at the time the original complaint was filed.  Moreover, defendants argue, when Ms. Payne was officially named the administrator of Mr. Brown's estate and the second amended complaint was filed naming her as the appropriate plaintiff in this case, the applicable statute of limitations had run.  Finally, the defendants argue that because Ms. Payne did not have standing to bring the § 1983 claims upon which federal question jurisdiction is based in this case, the entire action should be dismissed, including the pendant state law claims.

## II.    Analysis

The determination of a party's capacity to sue and be sued, as well as a party's status as a real party in interest are both governed by Federal Rule of Civil Procedure 17.  Rule 17(a) requires that every action "be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a).  Because Mr. Brown has passed away, he could not pursue this action.  Instead, the court must look to the governing substantive law to determine the appropriate real party in interest.  *Esposito v. United States*, 368 F.3d 1271, 1273 (10th Cir. 2004).

The civil rights claims in this case are governed by 42 U.S.C. § 1983.  The Tenth Circuit has held that the proper federal remedy in § 1983 cases is "a survival action, brought by the estate of the victim, in accord with § 1983's express statement that the liability is 'to the party

_____

58).

injured.'" *Berry v. Muskogee*, 900 F.2d 1489, 1506-07 (10th Cir. 1990)(citing 42 U.S.C. § 1983).  Rule 17(b) instructs that in this instance, where the party bringing suit is acting in a representative capacity, the party's capacity to sue shall be determined by looking to Kansas law.  Fed. R. Civ. P. 17(b).  Under Kansas law, a survival action must be maintained by the personal representative of the decedent, and cannot be brought by the decedent's heirs.  *Cory v. Troth*, 170 Kan. 50, 52-53, 223 P.2d 1008 (1950); *Howe v. Mohl*, 168 Kan. 445, 449, 214 P.2d 298 (1950).

Here, the case was initially brought by Mr. Brown's heirs.  When the original complaint was filed, the Estate of Clifton Brown did not exist.  Accordingly, no party had the capacity to sue at the time the original complaint was filed because the only real party in interest entitled to bring the action was the administrator of the Estate of Clifton Brown.

The fact that the complaint was initially filed by Mr. Brown's heirs, however, does not require the court to dismiss this lawsuit.  Rule 17(a) requires the court to "grant leave to substitute or join the real party in interest prior to dismissing an action for failure to name the real party in interest." *Esposito*, 368 F.3d at 1274 (citing Fed. R. Civ. P. 17(a)).[4]  The second

---

[4]Rule 17(a) provides, in part:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed. R. Civ. P. 17(a).

4

amended complaint, which names Ms. Payne, as the administrator of Mr. Brown's estate as a plaintiff, solves the real party in interest and capacity issues identified above.  Furthermore, the statute of limitations issue is resolved because the substitution "shall have the same effect as if the action had been commenced in the name of the real party in interest."[5]  Accordingly, the court must determine whether the substitution is appropriate under the circumstances of this case.

The Tenth Circuit has instructed that Rule 17(a) should not be read literally such that a party should *always* be given a reasonable time to substitute the appropriate real party in interest. *Esposito*, 368 F.3d at 1275.  Rather, the court should focus on whether the plaintiff's mistake was honest, i.e. did not involve "deliberate tactical maneuvering" and whether the mistake prejudiced the defendant.  *Id*. at 1276.

In this case, the original complaint was filed pro se by Moten Payne, Mr. Brown's step-father who was at the time incarcerated at Hutchinson Correctional Facility.  There is no indication that Mr. Payne's mistake in naming himself, his wife, and Mr. Brown's daughters as the original plaintiffs was anything but an honest mistake, rather than one involving "deliberate tactical maneuvering."  Once an attorney was appointed in this case, the proper steps were taken to name Ms. Payne as the administrator of Mr. Brown's estate, and to substitute Ms. Payne in that capacity as the plaintiff in the second amended complaint.

---

[5]Mr. Brown passed away on January 16, 2004.  The original complaint, which was filed on January  10, 2006, was filed before the statute of limitations expired on January 16, 2006.

Moreover, the defendants do not argue that they have been prejudiced by the mistake. The original complaint certainly gave the defendants plenty of notice that the plaintiffs were alleging causes of action based on events involving Mr. Brown's death at the Lansing Correctional Facility.   Furthermore, defendants do not argue that the original complaint mistakenly omitted or named a defendant.  Accordingly, the substitution of a plaintiff in this case will not  surprise some unknowing individual who was not previously a party to this lawsuit.

"Rule 17(a) is designed to prevent forfeitures, and as such must be given broad application." *Esposito*, 368 F.3d at 1278  ("Rule 17(a) is 'intended to insure against forfeiture and injustice' by codifying 'in broad terms' prior law permitting substitution notwithstanding running of limitations statute[.]")(citing Fed. R. Civ. P. 17 advisory committee's notes (1966 Amendment)).  In light of this guidance, the court concludes that substitution is appropriate in this case, even though the original plaintiffs lacked the capacity to assert the § 1983 claims.  Mr. Brown's family should not be precluded from asserting the § 1983 claims simply because they did not have a lawyer to assist in the filing of their original complaint. Furthermore, the defendants have failed to show that the mistake was dishonest or involved deliberate tactical maneuvering.  Finally, defendants have not shown that the mistake prejudiced them in any way.

For these reasons, the court concludes that, pursuant to Rule 17(a),  the action should not be dismissed and the substitution pursuant to the second amended complaint has the same effect as if the action had been commenced by Ms. Payne as the administrator of Mr. Brown's estate. *See* Fed. R. Civ. P. 17(a).  Therefore, defendants' arguments regarding the expiration of the statute of limitations and a lack of pendant jurisdiction are moot.  Defendants' motion is denied.

**IT IS ORDERED BY THE COURT THAT** the motion for reconsideration (doc. 76) by defendants Werholtz and McKune is denied.

**IT IS SO ORDERED.**

Dated this 4th day of April 2007, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United Stated District Judge

7