GLR/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MARY PAYNE as administrator
of the ESTATE OF CLIFTON BROWN,
et al.,**

        **Plaintiffs,**

**CIVIL ACTION**

**v.**

**Case No. 06-3010-JWL-GLR**

**DAVID McKUNE, et al.,**

        **Defendants.**

## ORDER

On May 17, 2007, the Court conducted a Status Conference in this case. Plaintiffs appeared through counsel, Leroy T. Messenger. Defendants David McKune and Roger Werholtz appeared through counsel, Trevin Wray (by telephone). Defendant Correct Care Solutions appeared through counsel, Mary T. Malicoat. This Order memorializes the Court's rulings at the Status Conference.

1. Plaintiffs' Motion to Extend Discovery for Six (6) Months (doc. 89) is sustained in part and overruled in part. The discovery deadline is extended to **July 11, 2007**.

2. Plaintiffs' Motion to Compel Answers to Interrogatories (doc. 105) and Plaintiffs' Motion to Compel Production of Documents to Correct Care Solutions (doc. 106) are overruled for failure to make reasonable efforts to confer prior to filing the motions, as required by Fed. R. Civ. P. 37(a)(2)(A) and D. Kan. Rule 37.2. Upon its own motion, the Court orders Defendant Correct Care Solutions to serve its answers to Plaintiffs' Interrogatories to Defendant Correct Care Solutions, and responses and

responsive documents to Plaintiffs' Request for Production of Documents to Defendant Correct Care Solutions by **June 1, 2007**.

3. Plaintiffs' Motion to Compel Production of Documents From Roger Werholtz and David McKune (doc. 108) is sustained in part and overruled in part, as set forth below. All such discovery shall be produced to Plaintiffs and responses served by Defendants Werholtz and McKune by **June 7, 2007**.

   a. Plaintiffs' Request for Production No. 1 - Plaintiffs' motion to compel is overruled. Defendants Werholtz and McKune have already agreed to make the contract available for inspection by Plaintiffs.

   b. Plaintiffs' Request for Production No. 2 - Plaintiffs' motion to compel is sustained in part and overruled in part. The motion is sustained to the extent that the Request shall be limited to performance evaluations for medical care and limited to the years 2003 and 2004.

   c. Plaintiffs' Request for Production No. 3 - Plaintiffs' motion to compel is overruled as overly broad and ambiguous.

   d. Plaintiffs' Request for Production No. 4 - Plaintiffs' motion to compel is sustained. If, however, Defendants Werholtz and McKune have already produced documents responsive to Request No. 4, they shall so state in their supplemental response to Plaintiffs' Request for Production.

   e. Plaintiffs' Request for Production No. 5 - Plaintiffs' motion to compel is sustained in part and overruled in part. The motion is sustained to the extent

        that production shall be limited to complaints filed in the years 2003 and 2004.

f. Plaintiffs' Request for Production No. 6 - Plaintiffs' motion to compel is sustained. If, however, Defendants Werholtz and McKune have already produced documents responsive to Request No. 6, they shall state such in their supplemental response to Plaintiffs' Request for Production.

g. Plaintiffs' Request for Production No. 7 - Plaintiffs' motion to compel is overruled as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

h. Plaintiffs' Request for Production Nos. 8, 9, and 10 - Plaintiffs' motion to compel is overruled. Defendants Werholtz and McKune state the items requested are not in their care, custody, or control.

i. Plaintiffs' Request for Production Nos. 11, 12, and 13 - Plaintiffs' motion to compel is sustained. If, however, Defendants Werholtz and McKune have already produced documents responsive to these Requests, they shall so state in their supplemental response to Plaintiffs' Request for Production.

j. Plaintiffs' Request for Production No. 14 - Plaintiffs' motion to compel is sustained in part and overruled in part. The motion is overruled to the extent the Request is overly broad in its present form. It is sustained to the extent that Defendants Werholtz and McKune shall provide management information systems reports that relate to the health, medical care, or dietary control of Clifton Brown.

      k.    Plaintiffs' Request for Production No. 14 (second No. 14) - Plaintiffs' motion to compel is sustained. If, however, Defendants Werholtz and McKune have already produced documents responsive to this Request, they shall so state in their supplemental response to Plaintiffs' Request for Production.

      l.    Plaintiffs' Request for Production No. 15 - Plaintiffs' motion to compel is sustained to the extent that Defendants Werholtz and McKune shall produce reports for the years 2003 and 2004.

      m.    Plaintiffs' Request for Production No. 16 - Plaintiffs' motion to compel is sustained in part and overruled in part. It is sustained to the extent that Defendants Werholtz and McKune shall produce minutes and notes from meetings that reviewed or discussed the performance of Correct Care Solutions' performance of medical care for the years 2003 and 2004.

      n.    Plaintiffs' Request for Production Nos. 17, 18, and 19 - Plaintiffs' motion to compel is overruled. Defendants Werholtz and McKune state the items requested are not in their care, custody, or control.

4.    The Motion for Protective Order filed by Defendants McKune and Werholtz (doc. 114) is sustained in part and overruled in part. The motion is sustained to the extent that discovery in this case is limited to the time period July 30, 2002 through 2004. The motion is otherwise overruled; and discovery is therefore not limited to matters which directly relate to Clifton Brown and his treatment provisions.

5. Plaintiffs' Motion to Amend Petition By Substituting Health Cost Solutions, Inc. d/b/a Correct Care Solutions, Inc. in Place of Correct Care Solutions (doc. 121) is granted. Plaintiffs shall file their Third Amended Complaint forthwith.

6. Defendant Correct Care Solutions, L.L.C.'s Motion for Extension of Time to File its Expert Witness Designation and Comparative Fault Designation (doc. 125) is granted. Defendant Correct Care Solutions, L.L.C. is granted a 15-day extension of time, up to and including **May 30, 2007**, in which to file its expert witness designation and its comparative fault designation.

7. The Court sustains the oral motion of Plaintiffs for permission to use a mechanical device, rather than a certified shorthand reporter, to record depositions they will initiate. The Court further orders that Defendants may also retain a shorthand reporter for any of the depositions. All parties shall make copies of their recordings available for purchase by any other party.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 18th day of May, 2007.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge