# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MOTEN PAYNE, Special Administrator**
**for the Estate of Clifton Brown,**

          **Plaintiff,**

**CIVIL ACTION**

**v.**

**Case No. 06-3010-JWL**

**DAVID McKUNE,**
**et al.,**

          **Defendants.**

## ORDER

Pending before the Court is Plaintiff's Motion to Compel (doc. 180). Plaintiff requests an order compelling Defendants Werholtz and McKune ("State Defendants") to produce peer review records they obtained from Kansas University Physicians Inc. ("KUPI"). Plaintiff previously attempted to obtain these documents by issuing a subpoena to KUPI, but KUPI refused to produce them on the grounds the documents are owned and controlled by the Kansas Department of Corrections. The State Defendants oppose the motion on the grounds that Plaintiff's counsel has made no effort to confer regarding the dispute and the motion is untimely by one day under D. Kan. Rule 37.1. They further argue that the Court should recognize the peer review records as privileged.

Federal Rule of Civil Procedure 37 requires the moving party to make a good faith attempt to resolve the discovery dispute before filing a motion to compel discovery responses. The motion to compel must include a certification of the effort to resolve the dispute.[1]

In conjunction with Fed. R. Civ. P. 37, District of Kansas Rule 37.2 provides:

---

[1] *Id.*

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel for the moving party has conferred or made reasonable efforts to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. A "reasonable effort to confer" . . . requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.[2]

The purpose of the local rule is to encourage the parties to satisfactorily resolve their discovery disputes prior to resorting to judicial intervention.[3] Meet and confer requirements are not satisfied "by requesting or demanding compliance with the requests for discovery."[4] The parties must determine precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[5]

Plaintiff's motion contains no certification of any efforts to resolve the dispute before filing the motion to compel. Plaintiff's motion does include a vague statement that Plaintiff discussed the disclosure when the subpoena was served on KUPI on April 5, 2007 and attaches the letter from counsel for KUPI stating that KUPI is not authorized to supply any responsive documents to Plaintiff's subpoena. Counsel for State Defendants affirmatively states in State Defendants' response (doc. 183) that Plaintiff's counsel has made no effort to confer regarding this discovery dispute. State Defendants advise the Court that one conversation took place regarding the proposed discovery and it was initiated by Defendants' counsel. Counsel for State Defendants again

---

[2] D. Kan. Rule 37.2 (2006).

[3] *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ. A. 98-2138-KHV, 1999 WL 386949, at *1 (D. Kan. June 8, 1999).

[4] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[5] *Id.*

2

attempted to raise the issue by e-mail; however, Plaintiff's counsel did not return the message. State Defendants argue that this is hardly meets the requirements of good faith for an effort to confer. The Court agrees. Plaintiff, as the party seeking to compel State Defendants to produce documents, is required to make a showing of his efforts to confer before filing his motion to compel. Plaintiff has not adequately shown that he made a reasonable effort to confer prior to the filing of this motion. The Court will therefore overrule Plaintiff's Motion to Compel based on Plaintiff's failure to comply with Fed. R. Civ. P. 37 and D. Kan. Rule 37.2 .

Defendants further argue that the motion is untimely by one day, pursuant to D. Kan. Rule 37.1. The Court agrees. Plaintiff has filed no reply memorandum and, consequently, has not disputed the untimeliness.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel (doc. 180) is overruled, as set forth herein.

Dated in Kansas City, Kansas on this 14th day of September, 2007.

s/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge