**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MOTEN PAYNE, Special Administrator**
**for the Estate of Clifton Brown,**

          **Plaintiff,**

          **CIVIL ACTION**

v.

          Case No.  06-3010-JWL

**DAVID McKUNE,**
**et al.,**

          **Defendants.**

**MEMORANDUM AND ORDER**

The Court has before it a Motion to Quash Subpoena Duces Tecum (doc. 179), filed by Defendant Health Cost Solutions, Inc. (Defendant Health Cost Solutions).  The motion seeks to quash a subpoena *duces tecum* that Plaintiff served upon counsel for Defendant Health Cost Solutions.

From the briefs and attached exhibits of the parties, the Court notes the following facts: On July 20, 2007, plaintiff served upon counsel for defendant Health Cost Solutions a notice for deposition and a subpoena *duces tecum*.  Both the notice and subpoena provided for the deposition of "Corporate Officer(s)" of Health Cost Solutions, Inc. d/b/a/ Correct Care Solutions, Inc. to be taken July 27, 2007, at Leavenworth, Kansas.  The notice, but not the subpoena, directs the corporate officer(s) to be prepared to answer questions relating to several categories of described subject matter.  The subpoena, but not the notice, includes a designation of documents to be brought to the deposition by the deponent(s).

Defendant Health Cost Solutions seeks to quash the subpoena for the following reasons: (1) The subpoena is directed to its "Corporate Officers" who are located out of state. (2) Plaintiff failed to include any fees or mileage payment with the subpoena. (3) The subpoena imposes an undue burden and expenses on the subpoenaed individuals. (4) The subpoena fails to provide adequate time for compliance. (5) Plaintiff's counsel provided no reason for the short notice of the deposition. (6) The subpoena is procedurally deficient in requiring production of documents not listed in the appropriate section of the subpoena form.

Opposing the motion, Plaintiff has countered with explanations or objections that address most if not all points raised by Defendant. He has submitted a number of exhibits to support his contention that, before serving the subpoena, he tried to depose the individuals that he was led to believe represented Defendant Health Cost Solutions.

A party may obtain the deposition of a corporation through two alternative methods.[1] Pursuant to Fed. R. Civ. P. 30(b)(6), the deposing party may name the corporation as the deponent, and the corporation may then designate one or more employees to testify on its behalf.[2] The notice of deposition, however, must "describe with reasonable particularity the matters on which examination is requested."[3] In that event, the corporation is required to ". . . designate one or more officers, directors, or managing agents or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which he will testify."[4] The testimony of the

---

[1] *Moore v. Pyrotech Corp.*, 137 F.R.D. 356, 357 (D. Kan. 1991).

[2] *Id.*

[3] Fed. R. Civ. P. 30(b)(6).

[4] *Id.*

2

person or persons so designated is the testimony of the corporation and, if the corporation is a party, the testimony may be used at trial by an adverse party for any purpose.[5] Alternatively, however, a deposing party may, pursuant to Rule 30(b)(6), specifically name as the deponent a corporate employee.[6] If the named employee is a director, officer, or managing agent of the corporation, such employee will be regarded as a representative of the corporation.[7] Regardless of which method is used, the corporation has responsibility for producing its representative for deposition.[8]

The Court could assume that plaintiff has intended to proceed under Rule 30(b)(6). The confusing use of the subpoena in addition to the notice, however, transforms such an assumption into speculation. Neither the notice nor the subpoena simply designates the corporate party as the deponent, rather unnamed corporate officer(s). Rule 30(b)(6) contemplates naming a corporate deponent who then designates the specific person(s) to be deposed. That designation comes not only from corporate officers, however, but also from directors, managing agents, or other consenting persons. The notice in this instance served by plaintiff, moreover, contains no mention of any documents to be produced at the deposition and thus creates an inconsistency with the demands of the subpoena *duces tecum.*

Plaintiff's use of the subpoena has added to this confusion. He did not serve it upon any witness, only upon opposing counsel. Nor did he tender any fees for attendance and mileage, as

---

[5] Fed. R. Civ. P. 32(a)(2).

[6] *Id.*

[7] *Id.*

[8] *Id.*

required by Fed. R. Civ. P. 45(b)(1).  In contrast to the notice, the subpoena contains no description of subject matter for testimony, but adds a list of documents to be produced.  Responding to the motion, moreover, defendant infers that its corporate officers are located in Tennessee.  Plaintiff does not dispute the inference.  Instead he suggests that, "JoRene Kerns is the Executive Vice President of CCS Kansas" and "that CCS is the same as" defendant Health Cost Solutions, Inc., d/b/a/ Correct Care Solutions, Inc.  For whatever purpose it might serve, Plaintiff has used a subpoena, issued by this Court for the District of Kansas.  Tennessee is far beyond its jurisdictional limits.  But plaintiff could have used it to serve Ms. Kerns, consistent with his suggestion that she is a knowledgeable deponent.

Inasmuch as July 27, 2007, the date for the deposition, has passed, the Court finds the motion moot to that extent.  For the foregoing reasons the Court otherwise sustains the motion to quash. The Court declines to enforce the subpoena commanding the attendance of "Corporate Officers" of a corporate defendant.  Inconsistent with the notice, the subpoena fails to describe any areas or topics of inquiry, much less describe them with reasonable particularity.  Plaintiff failed to tender any fees for attendance and mileage, as required by Rule 45(b)(1).

The Court further notes that, if indeed, the corporate officers are located in Tennessee they may not be subject to deposition in Kansas without their consent.  As a general rule, depositions of corporate executives and officers are taken at the principal place of business of the corporation.[9] Underlying this rule appears to be the concept that it is the plaintiff who brings the lawsuit and who

---

[9]*Moore*, 137 F.R.D. at 357.  *See also Thomas v. Intern'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995) (noting the normal procedure that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business).

exercises the first choice as to the forum. The defendant, on the other hand, is not before the court by choice.[10] A defendant is generally presumed to be subject to deposition at his residence or place of business. For a corporation this translates to a presumption that officers, directors, and managing agents should be available for deposition at the company's headquarters.

**IT IS THEREFORE ORDERED THAT** Defendant Health Cost Solutions' Motion to Quash Subpoena Duces Tecum (doc. 179) is moot in part and otherwise sustained, as set forth herein.

Dated in Kansas City, Kansas on this 16th day of October, 2007.

s/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

---

[10]*Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987).